

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN, TEXAS 78711

**JOHN L. HILL**
**ATTORNEY GENERAL**

August 28, 1975

The Honorable Jesse James
State Treasurer
P. O. Box 12608, Capitol Station
Austin, Texas 78711

Opinion No. H-678

Re: Effect of veto of
appropriation for
Board of County
and District Road
Indebtedness.

Dear Mr. James:

You have requested our opinion concerning the effect of the Governor's veto of the appropriation for administrative costs of the Board of County and District Road Indebtedness. The appropriation, with the Governor's veto indicated by reproducing the lines he drew through the particular items, provides:

|  | For the Years Ending | |
|---|---|---|
|  | August 31, 1976 | August 31, 1977 |
| Out of the County and Road District Highway Fund: | | |
| 1. ~~Director~~ | $ ~~26,200~~ | ~~28,000~~ |
| 2. ~~Assistant Director~~ | ~~25,700~~ | ~~27,400~~ |
| 3. ~~Salaries of Classified Positions~~ | ~~69,768~~ | ~~75,694~~ |
| 4. ~~Merit Salary Increases~~ | ~~1,186~~ | ~~1,287~~ |
| Total, Personal Services | $ 122,854 | 132,381 |
| Other Expenses -- | | |
| 5. ~~Consumable supplies and materials current and recurring operating expenses, and capital outlay.~~ | ~~6,974~~ | ~~6,974~~ |
| Total, Administrative Expense | $ 129,828 | 139,355 |

6. There is hereby appropriated pursuant to Chapter 13, Acts of the Third Called Session, Forty-second Legislature, as amended, the State's portion which will be expended by this agency estimated at:

| | | | |
|---|---|---:|---:|
| a. | Distribution to Counties | $ 7,300,000 | 7,300,000 |
| b. | Bond Retirement | 22,000 | 23,000 |

| | | |
|---|---:|---:|
| GRAND TOTAL, STATE FUNDS, CERTAIN AND ESTIMATED, BOARD OF COUNTY AND DISTRICT ROAD INDEBTEDNESS | $ 7,451,828 | 7,462,355 |

SCHEDULE OF CLASSIFIED POSITIONS,
BOARD OF COUNTY AND DISTRICT
ROAD INDEBTEDNESS

0135 Secretary III
1161 Accountant I,   2
1163 Accountant III
1165 Chief Accountant II

All balances and receipts accruing to the County and Road District Highway Fund No. 57, are hereby appropriated for the purposes set forth in Chapter 13, Acts of the Third Called Session, Forty-second Legislature, as amended.

Since only the lined-through provisions were vetoed by the Governor you have asked the following questions:

(1) Does the rider language allow the Board to utilize the appropriation granted therein for the duties as established by Article 6674q-7, VATS?

(2) Can the Board employ personnel listed in the Schedule of Classified positions enumerated under item 6 of the appropriation to the Board to assist in the discharge of duties as outlined in Article 6674q-7, VATS?

The "rider" which was not vetoed is actually an appropriation item for it authorizes the expenditure of funds which were not otherwise appropriated. Since it is an appropriation item rather than a restriction on the expenditure of funds it could have been vetoed by the Governor. Attorney General Opinion M-1228 (1972); see Fulmore v. Lane, 140 S.W. 405 (Tex. Sup. 1911); Fairfield v. Foster, 214 P. 319 (Ariz. 1923). The Governor did not veto this appropriation of balances and receipts; the item therefore remains a part of the appropriations act. As provided therein, the balances and receipts may be expended for the purposes set forth in Acts 1932, 42nd Leg., 3rd C.S., ch. 13, p. 15 (codified as article 6674q-7, V.T.C.S.). We therefore answer your first question in the affirmative.

Your second question is whether these funds may be utilized by the Board to employ personnel listed in the Schedule of Classified Positions. The Governor's veto power being legislative in nature, a veto message is subject to normal rules of statutory construction. Fulmore v. Lane, supra. Thus the intent of the Governor as expressed in his message is the prime consideration in analyzing a veto.

The Governor's veto message provides in part:

> The Board of County and District Road Indebtedness was created to reimburse counties and road districts of Texas for a portion of the funds expended by them on roads designated as State Highways prior to January 2, 1939. The Commission also administers the Lateral Road Fund and performs as a paying agent, duplicating a responsibility of the State Treasurer, on eligible and ineligible county bonds. Continued funding for the administrative duties of the Board was not recommended by me or the Legislative Budget Board.
>
> In my opinion the administrative functions of the Board should be absorbed by one or more of the agencies of the three board members. Therefore, I am vetoing these items.

We believe it clear that when the Governor vetoed the salaries of classified employees of the Board, he intended that no funds should be expended for such employees of the Board. Thus, in our opinion, the Board may not employ persons in the positions for which the appropriated salaries were vetoed. However, since the administration of the Fund is within the purposes of article 6674q-7, in our view the balances and receipts may be expended for the administration of the Fund.

## SUMMARY

The balances and receipts appropriated to the
Board of County and District Road Indebtedness
may be expended for the administration of the
fund but may not be utilized to employ personnel
whose salaries were vetoed by the Governor.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee